IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL ANN WARREN,

    Plaintiff,

  -vs-                                    Civil Action No. 16-126

NANCY A. BERRYHILL,[1]
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 13).

### I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging disability began on July 2, 2012. (ECF No. 7-7, pp. 2, 4). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on July 24, 2014. (ECF No. 7-3, pp. 2-37). On August 22, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 17-29).

---

1 Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

    **B.**    **Step 2 Analysis**

Plaintiff basically argues that the ALJ erred in failing to find her vision deficits severe. (ECF No. 12, pp. 15-18). Specifically, Plaintiff argues that the ALJ erred in concluding that all of Plaintiff's issues with her left eyesight "had resolved and that all testing was normal, despite the medical evidence and her testimony indicating otherwise." *Id.* at p. 15. As a result, Plaintiff argues that remand is warranted. *Id.*

At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe. 20 C.F.R. §416.920. A severe impairment is one which significantly limits your physical or mental ability to do basic work activities. *Id.* Thus, an impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that

causes no more than minimal functional limitations. 20 C.F.R. §416.920(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

When an ALJ finds that a plaintiff suffers from even one severe impairment, the failure to find other impairments severe is not harmful to the integrity of the analysis because the plaintiff is not denied benefits at that stage and the ALJ continues with the analysis. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). In this case, the ALJ did not find Plaintiff's visual deficits, including her left eyesight to be severe at step 2. (ECF No. 7-2, p. 20). He did, however, find her to have several severe impairments. (ECF No. 7-2, p. 19). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2 to determine Plaintiff's residual functional capacity ("RFC"). (ECF No. 7-2, pp. 21-29).

To the extent there is an error at step 2, Plaintiff argues that it is not harmless because there was evidence that this was a mischaracterization of the evidence. Particularly, Plaintiff argues that there is evidence that Plaintiff still suffers from residual vision issues. (ECF No. 12, p. 16-18). For instance, Plaintiff points to an examination on June 3, 2014, that indicates a left inferior temporal peri-macular distortion of vision on the Amsler grid testing. *Id.*, citing ECF No. 7-23, p. 33. Additionally, Plaintiff cites to her testimony about her continued issue with vision in her left eye. *Id.* at p. 17. The hearing was held one month later on July 24, 2014. At the hearing, Plaintiff's counsel requested that the record be held open to submit evidence related to an examination scheduled for later that month, but that the ALJ did not allow for the same. (ECF No. 7-3, pp. 35-36).

> ATTY: Well, my client is scheduled for a visual examination at the end of the month. I'm not sure Your Honor will want to leave the record open for that or not. But that's certainly something we could do if Your Honor feels that

there is not enough evidence to make a fully favorable on this. And, you know, certainly my client has testified to some ongoing visual problems. At least on some days she doesn't feel well enough to drive. And there were some abnormal testing most recently, with what I believe is related to the visual field. It was called the Amsler grid. And that's on page 13F at 4. There were still abnormal findings. And my understanding again is that Amsler grid relates to a visual field.

My concern is that it may take a month to get the records once she does attend.

ALJ: Yeah, mine as well. I will again review the file to believe if I've got enough – to determine whether I believe I've got enough evidence to render a decision based on the file. If not, I'll let you know, and then we'll conduct a post-period. How does that sound?

ATTY: I would appreciate that very much.

(ECF No. 7-3, pp. 35-36). To that end, Plaintiff argues that it was improper of the ALJ to conclude less than one month after the hearing, on August 22, 2014, that "claimant's symptoms have since resolved, and all testing done while in the hospital was normal." (ECF No. 7-2, p. 20).

After a review of the evidence, I agree. I believe it is a mischaracterization of the evidence to suggest that all of the testing was "normal." As noted by counsel at the hearing, there was left inferior temporal peri-macular distortion of vision on the Amsler grid testing. (ECF No. 7-23, p. 33). Moreover, there was testimony from Plaintiff that she was still having issues with her vision. (ECF No. 7-2, pp. 17-24). The ALJ was aware of an eye appointment scheduled within 30 days of the date of the hearing. (ECF No. 7-3, pp. 35-36). Yet, the ALJ rendered an opinion without waiting, despite counsel's request for the record to remain open so he could submit additional evidence. (ECF No. 7-3, pp. 35-36). Furthermore, the ALJ never addressed Plaintiff's vision issue again or Plaintiff's testimony regarding the same in residual functional capacity discussion. *See*, ECF No. 7-2, pp. 23-27. Based on the same, I cannot say that the ALJ's error at step 2 was harmless .Accordingly, I am remanding this case for full and proper analysis of Plaintiff's vision issue.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL ANN WARREN, )
)
        Plaintiff, )
)
 -vs- )   Civil Action No.  16-126
)
NANCY A. BERRYHILL,[2] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 12th day of July, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 11) is granted and Defendant's Motion for Summary Judgment (ECF No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                      BY THE COURT:

                                      s/   Donetta W. Ambrose
                                      Donetta W. Ambrose
                                      United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.